UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINE MARIE KUCHARCZYK,

        Petitioner,                        Case Number: 2:18-CV-11098
                                                        Honorable Arthur J. Tarnow

v.

SHAWN BREWER,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND GRANTING PERMISSION TO APPEAL *IN FORMA PAUPERIS***

Christine Marie Kucharczyk is in the custody of the Michigan Department of Corrections pursuant to a conviction for embezzlement of more than $100,000. She has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, arguing that she is entitled to resentencing because her sentence exceeded the state sentencing guidelines range. For the reasons discussed, the habeas corpus petition will be denied and the Court declines to issue a certificate of appealability.

**I. Background**

In 2015, Kucharczyk was charged with embezzlement of more than $100,000. On October 20, 2015, she pleaded guilty as charged. Kucharczyk worked part-time at the Midpoint Marathon Gas Station in Kinross Township from January 2008 through May 2015. (ECF No. 6-4, PageID.79.) She admitted that during that time period she took $ 320,115 from her employer, without permission, for her own use. (*Id.* at 79-80.) The

plea agreement provided that the prosecutor would recommend a two-year prison term and that restitution would be set at $ 320,115.  (*Id.* at 75.)

On November 24, 2015, the trial court sentenced Kucharczyk to 7 to 20 years, well beyond the guidelines range of 15 to 25 months.  (ECF No. 6-5, PageID.102-04.)

Kucharczyk filed a delayed application for leave to appeal in the Michigan Court of Appeals challenging her sentence.  The court of appeals denied leave to appeal "for lack of merit in the grounds presented."  *People v. Kucharczyk,* No. 333078 (Mich. Ct. App. June 30, 2016) (ECF No. 6-6, PageID.107.)  The Michigan Supreme Court also denied leave to appeal.  *People v. Kucharczyk*, 501 Mich. 907 (Mich. Oct. 31, 2017).

Kucharczyk then filed this habeas petition.  She seeks habeas relief on the ground that her sentence is unreasonable because it was well above the guidelines range and the departure was based upon facts already accounted for in the sentencing guidelines.

## II.  Standard

A § 2254 habeas petition is governed by the heightened standard of review set forth in the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. To obtain relief, habeas petitioners who raise claims previously adjudicated by state courts must "show that the relevant state-court 'decision' (1) 'was contrary to, or involved an unreasonable application of, clearly established Federal law,' or (2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.'"  *Wilson v. Sellers*, 138 S. Ct. 1188, 1191 (2018) (quoting 28 U.S.C. § 2254(d)).  The focus of this standard "is not whether a federal court believes the state court's determination was incorrect but whether that determination was

2

unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "AEDPA thus imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations and quotation marks omitted). Ultimately, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Additionally, a state court's factual determinations are presumed correct on federal habeas review, 28 U.S.C. § 2254(e)(1), and review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### III. Discussion

Kucharczyk challenges her sentence of 7 to 20 years' imprisonment. The sentence was a substantial upward departure from the sentencing guidelines of 15 to 25 months, and from the prosecutor's sentencing recommendation of 24 months. The state sentencing court articulated its reasons for the upward departure:

> I find this crime and circumstances surrounding it incredibly shocking and remarkably disturbing.

> \*\*\*

> What this Court sees is a consistent, calculated, and unabashed violation of trust simply for the betterment of one's self and their family. This violation was by no means isolated. It occurred systematically 692 times, which is nearly the entire duration of your employment.

> Beyond simply taking the money, I have also no reason to believe this money was spent on anything other than personal and social enjoyments.
>
> For example, the presentence references a home that is valued at approximately $100,000 with nearly $80,000 in debt associated with it. This home could have been paid for in full three times over given the amounts that were stolen. Consequently, there's also no money for restitution, and there's been no suggestion of a plan for restitution in the six months since the arrest.
>
> The [owners] and the employees of the Midpoint Marathon gas station not only trusted you, but carried the burden of your criminal conduct for seven years. The actual damage you have caused these people goes well beyond the financial implications of your conduct. I am unmoved by your lack of criminal history. In fact, in my mind, you've nearly seven years of a criminal history. This criminal activity would have continued but for the fact your criminal conduct was discovered. Given the duration of the crime, the amount of money stolen, the calculated nature of your crime, and the sustained impact on the people who are admittedly your friends, and the community at large, I sentence you to a term at the Michigan Department of Corrections for a period of 7 years to 20 years.

(ECF No. 6-5, PageID.102-104.)

Kucharczyk challenged her sentence in the state court of appeals, which denied leave to appeal "for lack of merit in the grounds presented." *People v. Kucharczyk,* No. 333078 (Mich. Ct. App. June 30, 2016) (ECF No. 6-6, PageID.107). This summary denial is entitled to deference under section 2254(d). Where a state court denies a claim on the merits, but without explanation, "a habeas court must determine what arguments or theories ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with [Supreme Court precedent]." *Harrington*, 562 U.S. at 102. Therefore, the relevant question is whether any reasonable argument consistent with

established Supreme Court law could support the state court decision summarily rejecting this claim.

Kucharczyk contends that her sentence was disproportionate to her crime. "[T]he Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (quoting *Solem v. Helm*, 463 U.S. 277, 288 (1983)). Federal courts must remain highly deferential to the legislatures in determining the appropriate punishments for crimes. *United States v. Layne*, 324 F.3d 464, 473-74 (6th Cir. 2003) (citing *Harmelin*, 501 U.S. at 999). "'[O]nly an extreme disparity between crime and sentence offends the Eighth Amendment.'" *Cowherd v. Million*, 260 F. App'x 781, 785 (6th Cir. 2008) (quoting *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000)). Where a sentence is within the statutory limits, trial courts are accorded "wide discretion in determining 'the type and extent of punishment for convicted defendants.'" *Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000) (quoting *Williams v. New York*, 337 U.S. 241, 245 (1949)). The "actual computation of [a defendant's] prison term involves a matter of state law that is not cognizable under 28 U.S.C. § 2254." *Kipen v. Renico*, 65 F. App'x 958, 959 (6th Cir. 2003) (citing *Estelle v. McGuire*, 502 U.S. 62, 68 (1991)).

Kucharczyk's sentence is within the statutory limits for her crime -- up to twenty years in prison. *See* Mich. Comp. Laws § 750.174(7). There is no reason for this Court to question or curb the state's discretion in fashioning a sentence. Her sentence was

5

neither grossly disproportionate nor excessive and there is no evidence that the court relied on any impermissible factors in fashioning a sentence.

Finally, Kucharczyk's argument that her sentence was unreasonable raises only a state law claim. In *People v. Lockridge*, 498 Mich. 358 (2015), the Michigan Supreme Court made the state sentencing guidelines advisory rather than mandatory but did not give the sentencing court unrestricted discretion to sentence outside the guidelines range. *Id.* at 392. Where the court sentences outside the applicable sentencing guidelines range, the resulting sentence must be reasonable. *Id.* "Reasonableness" as used in *Lockridge* is determined by application of the Michigan Supreme Court's decision in *People v. Milbourn*, 435 Mich. 630 (1990). *People v. Steanhouse*, 500 Mich. 453 (Mich. 2017). So Kucharczyk's claim that her sentence was unreasonable is based upon state law and not cognizable on federal review. *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) ("[A] federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'") (quoting 28 U.S.C. § 2254(a)).

## IV. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district

6

court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court will deny a certificate of appealability because jurists of reason could not debate the Court's conclusion that Kucharczyk failed to demonstrate entitlement to habeas relief.

## IV. Order

For the reasons set forth above, the Court DENIES the petition for writ of habeas corpus, and DENIES a certificate of appealability. If Petitioner chooses to appeal the Court's decision, she may proceed *in forma pauperis* on appeal because an appeal could be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

SO ORDERED.

s/Arthur J. Tarnow
ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

Dated: October 5, 2020